L. Guderian et al. v. B. C. Clark et al.

Decided February 16, 1910.

**Harmless Error—Abatement—Liens—Foreclosure.**

On appeal from a judgment on a purchase money note with 'foreclosure of the vendor's lien, appellant, the payee of the note which he had assigned to plaintiff, who resisted the foreclosure on the ground that his sale and the note were a device to raise money on land which was his homestead, the finding on this defense being against him, could not complain of the overruling of his plea in abatement on the ground that the suit was brought one day before the maturity of the note, the maker interposing no such defense and not joining in the appeal. Nor could such appellant complain of supposed errors relating to the validity or amount of plaintiff's lien or that of an intervener also obtaining a foreclosure.

Appeal from the District Court of Falls County. Tried below before Hon. Richard I. Munroe.

Associate Justice Rice being disqualified, A. O. Sandbo, Esq., was appointed Special Associate Justice in this case.

*W. E. Rogers,* for appellants.—The suit was premature, and should have been abated. Sayles' Civ. Stats., art. 318; Campbell v. Lane, 25 Texas Supp., 96.

*S. E. Stratton* and *Z. I. Harlan,* for appellee.

SANDBO, Associate Justice.—B. C. Clark instituted this suit against A. D. Guderian as the maker of a promissory note for $1,250, and sought to foreclose a vendor's lien upon a certain tract of land. L. Guderian was also made a defendant, the plaintiff alleging that he was claiming some interest in the land upon which the plaintiff sought to foreclose his alleged lien.

The defendant L. Guderian, in proper time, filed a plea in abatement, asserting that the suit was prematurely brought, and thereafter filed an answer, embracing several exceptions, a general denial, and special plea alleging that the tract of land in controversy was his homestead.

Anna Guderian, wife of L. Guderian, filed a plea of intervention,

claiming that the premises were her homestead, and asserting that she was induced to sign the deed of conveyance to A. D. Guderian by fraud, etc.

The Provident National Bank filed a petition of intervention, and asserted that it was the owner of a judgment, duly recorded and indexed against A. D. Guderian and L. Guderian, and claiming that the premises mentioned in the suit were subject to said judgment lien, and sought to have the same foreclosed.

The trial court overruled L. Guderian's plea in abatement, and the case went to trial before the court and jury, which resulted in a judgment in favor of the plaintiff against A. D. Guderian as maker of the note, for the amount due thereon, and for the foreclosure of the vendor's lien as against all three of the Guderians. Judgment was also rendered in favor of the Provident National Bank fixing its lien against the premises in controversy and foreclosing the same. L. Guderian and his wife, Anna Guderian, are prosecuting this appeal, and no other party to the litigation is complaining.

The undisputed testimony shows that the appellants executed what purports to be a deed, regular in form, conveying the land in controversy to A. D. Guderian, and, as part of the same transaction, A. D. Guderian executed the promissory note sued on, which was made payable to appellant L. Guderian, and, in due course of business, became the property of the plaintiff. Appellants asserted in their answer that the deed executed by them to A. D. Guderian was not in fact executed for the purpose of vesting title in him, but was simulated in order to enable them to borrow money on their homestead.

The case was submitted to the jury upon special issues, the first of which and the answer of the jury thereto read as follows:

"Was the conveyance of the 80 acres of land in question by Ludwig Guderian and his wife Annie Guderian to A. D. Guderian a pretended or sham sale, entered into alone for the purpose of borrowing money on the $1,200 note of A. D. Guderian herein sued on by the plaintiff Clark, or was it an actual bona fide sale and conveyance of said eighty acres to A. D. Guderian, made by them with the intention that. said eighty acres of land should belong to A. D. Guderian, and that he should pay for the same?

"Answer: We, the jury, find that the said eighty acres of land in question by Ludwig Guderian and his wife Annie Guderian to A. D. Guderian was an actual bona fide sale. Paul Cluck, Foreman."

In appellants' brief there is no assignment of error charging that the finding of the jury referred to is not sustained by testimony. The tenth assignment does charge that the court erred in not granting the defendants' motion for a new trial, but when the latter is examined, in so far as it assails the verdict, it is found to be about as general as the assignment of error. It charges, in general terms, that the verdict of the jury is contrary to the law and the evidence, but does not specify any particular wherein the evidence fails to support the verdict. Hence we might have disposed of the case without critical examination of the statement of facts; however, that course has not been pursued, and a reading of the statement of facts discloses testimony which supports the finding referred to.

The first assignment of error presented in appellants' brief asserts that the court should have sustained the plea in abatement of the defendant, L. Guderian, because, allowing three days of grace, the petition shows that the suit was brought one day before the note was due. The note was due at the time the case was tried, and at the time the plea in abatement was filed; besides, no recovery was sought or obtained against L. Guderian upon the note, and A. D. Guderian, the only defendant sought to be held liable thereon, filed no plea in abatement. Hence the first assignment is overruled.

The ninth assignment complains of the refusal to give requested instructions relating to the good faith of the alleged sale of the land by appellants to A. D. Guderian, and whether or not there were certain credits to be deducted from the claim asserted by the bank. The first question was sufficiently covered by the court's charge, and therefore no error was committed in refusing the one requested by appellants. As to the amount of the bank's claim, for the reason hereafter stated, appellants can not now be heard to complain.

All the other assignments relate to matters in which the appellants L. and Anna Guderian now have no interest, and therefore they can not be heard to complain. All of their interest in the litigation was predicated upon their alleged homestead right in the land upon which the plaintiff and the bank sought to foreclose liens. The jury having found, upon evidence which supports the finding, that the deed executed by appellants to A. D. Guderian was not executed for the purpose of borrowing money, but to vest title in A. D. Guderian, the claim asserted by them necessarily falls to the ground. This being the case, they have no further interest in the subject matter of the litigation, and it is immaterial to them whether the plaintiff and the bank have or have not valid liens upon the land. In other words, L. and Anna Guderian can not assign errors for the benefit of A. D. Guderian, who is not complaining and has not appealed.

All the other assignments relate to something done or refused by the trial court in establishing and foreclosing the liens upon a tract of land belonging to A. D. Guderian, and in which appellants have no interest; and, for the reasons above stated, we conclude that it is not necessary for this court to decide the questions presented by those assignments, and the case is disposed of without expressing any opinion upon those questions.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Associate Justice Rice did not sit in this case.
Writ of error refused.